ALD-122-E                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1589
_____

IN RE: TOSHISADA ONISHI; TERUKO ONISHI; D.A.O.,
Petitioners
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 2:20-cv-13001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 13, 2022
Before:  JORDAN, RESTREPO and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  April 21, 2022)
_____

OPINION[*]
_____

PER CURIAM

Toshisada Onishi and Teruko Onishi have filed a petition for a writ of mandamus

requesting that we direct Magistrate Judge Edward S. Kiel to take various actions related

to a case that they filed in the United States District Court for the District of New Jersey.[1]

or the following reasons, we will deny in part and dismiss in part the petition.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The petitioners also seek mandamus relief on behalf of Toshisada Onishi's minor child,
D.A.O; D.A.O. is listed as a petitioner and Toshisada Onishi signed the petition on

In 2020, Toshisada Onishi and Teruko Onishi filed a complaint in the United States District Court for the District of New Jersey raising, in part, claims pertaining to a decision by an Indiana state court judge, David C. Chapleau, to award custody of Toshisada Onishi's minor child to his former spouse, Rachel Ellen House. The District Court granted the defendants' motion to dismiss for improper venue and for lack of personal jurisdiction. Following that decision, the plaintiffs moved for reconsideration, and repeatedly sought Magistrate Judge Kiel's recusal, as well as the arrest and prosecution of Judge Chapleau and House. The District Court denied those motions.

The mandamus petition asks us to direct Magistrate Judge Kiel to "arrest and prosecute" Judge Chapleau and House for a violation of 18 U.S.C. § 242; to recuse himself from further participation in the District Court case; to declare that the petitioners are victims under the Crime Victims' Rights Act (CVRA); and to rule on a motion to appoint a guardian ad litem, see ECF 137.

Mandamus relief is clearly not warranted here. A writ of mandamus is a drastic remedy available only in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

---

D.A.O.'s behalf as D.A.O.'s father. However, neither Toshisada Onishi nor Teruko Onishi (D.A.O.'s grandmother), non- lawyers who are proceeding pro se, can represent the interests of D.A.O. See Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882 (3d Cir. 1991). Accordingly, we will dismiss the request for relief on D.A.O.'s behalf.

To the extent that the petitioners seek to have Magistrate Judge Kiel facilitate the arrest of Judge Chapleau and House, there is no clear and indisputable right to require the government to initiate criminal proceedings. Linda R.S. v. Roland D., 410 U.S. 614, 619 (1973); cf. Inmates of Attica Corr. Facility v. Rockefeller, 477 F.2d 375, 379 (2d Cir. 1973) (affirming dismissal of a complaint in mandamus to compel the United States Attorney to investigate, arrest, and prosecute state officials for committing federal offenses). In addition, the petitioners' vague reference to "an apparent conflict of interest" does not require the recusal of Magistrate Judge Kiel.[2] See In re United States, 666 F.2d 690, 694 (1st Cir. 1981) (explaining that recusal is not required when it is based on "unsupported, irrational, or highly tenuous speculation"). In addition, we will not exercise our mandamus authority to declare that the petitioners are victims under the CVRA. Among other reasons, relief under that Act can be pursued in the federal courts in Indiana, where the purported crimes occurred. See 18 U.S.C. § 3771(d)(3) (providing that rights under the CVRA may only be asserted in district court hosting relevant criminal prosecution or, "if no prosecution is underway, in the district court in the district in which the crime occurred"). In any event, it does not appear that the petitioners have any viable CVRA action to file anywhere. The petitioners' request that we direct the District Court to rule on their motion to appoint a guardian ad litem is moot, as that

---

[2] Toshisada Onishi's "Motion for Rule to Show Cause" (Doc. 13), in which he asks that we direct Magistrate Judge Kiel to "submit his reasonable explanation as to why this Honorable Court should not mandate the District Court to vacate the reassignment" of the underlying case, is denied.

motion was administratively terminated by order entered September 2, 2021.[3]  See ECF 270.

For these reasons, we deny in part and dismiss in part the Petitioners' petition for a writ of mandamus.

---

[3] We are also asked to direct Magistrate Judge Kiel to rule on a motion seeking the arrest and prosecution of Judge Chapleau and House and to vacate orders that denied various motions.  Mandamus relief is not warranted for these requests.  The petitioners do not identify the still-pending motion for arrest and prosecution, and to the extent that such a motion exists and requires adjudication, we are confident that the District Court will rule in a timely manner.  See Madden, 102 F.3d at 79 (stating that a writ of mandamus may issue where a District Court's "undue delay is tantamount to a failure to exercise jurisdiction").  Moreover, mandamus may not be used as a substitute for appeal.  See In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006).